[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 27, 2006
THOMAS K. KAHN
CLERK

No. 05-13622
Non-Argument Calendar

_____

BIA No. A79-682-327

VILLIBRANTE SAUVEUR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(January 27, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Haiti. He entered the United States on November 16, 2001, without having been admitted or paroled. He appeared before

an Immigration Judge ("IJ") on April 3, 2002, on a Notice to Appear, and admitted that he was subject to removal. He applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture ("CAT"). Following a full evidentiary hearing on April 29, 2003, the IJ found that Petitioner had failed to present credible evidence to support his claim for asylum and withholding of removal, denied his application, and ordered him removed to Haiti.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On June 17, 2005, the Board affirmed the IJ's decision without opinion, and Petitioner, proceeding pro se, filed the instant petition for review.

Petitioner contends that, contrary to the IJ's finding, his testimony was credible and consistent with his asylum application and the country conditions in Haiti. The IJ should have found, he submits, that he was persecuted based on (1) threats made on his and his family's life and safety, (2) the destruction of his mother's "home/business place," (3) the "search at his sister's houses followed by the shooting at his brother," and (4) his incarceration for 14 months as a political prisoner. In short, the IJ should have granted his application for asylum.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without opinion, thereby making the IJ's decision the final agency determination. See 8 C.F.R. § 1003.1(e)(4)(ii); Mendoza v. U.S.

2

Attorney Gen., 327 F.3d 1283, 1284 n.1. (11th Cir. 2003). To the extent that the IJ's decision was based on a legal determination, our review is de novo. D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 817 (11th Cir. 2004). We examine the IJ's factual findings under the substantial evidence test. Id. at 817-18. Under this highly deferential standard of review, we must defer to the IJ's findings if supported by substantial evidence, unless the evidence would "compel" a reasonable factfinder to find otherwise. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992). Therefore, we will set aside a finding of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S.Ct. 2245 (2005); see also 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

Credibility determinations are findings of fact. We therefore review them, like other fact findings, under the substantial evidence test.[1] D-Muhumed, 388 F.3d at 818. We "may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." Forgue v. U.S. Attorney Gen., 401 F.3d 1282,

---

[1] The REAL ID ACT OF 2005, Pub. L. No. 109-13, 119 Stat. 231, 302 (2005), which addresses credibility determinations, is not implicated here because it applies to applications for asylum presented on or after May 11, 2005.

1286 (11th Cir. 2005) (quotation omitted).  In this context, it should be noted that

> [T]he IJ must offer specific, cogent reasons for an adverse credibility finding.  Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence.  A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Id. at 1287 (citations and quotations omitted).  The IJ's "adverse credibility determination alone may be sufficient to support the denial of an asylum application," so long as the IJ offers "specific, cogent reasons for an adverse credibility finding" and does not overlook other evidence produced by the asylum applicant.  Id.  As the Third Circuit has pointed out,

> [a]n immigration judge alone is in a position to observe an alien's tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence.  He is, by virtue of his acquired skill, uniquely qualified to decide whether an alien's testimony has about it the ring of truth.

Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003).

Before addressing whether substantial evidence supports an adverse credibility determination, we first must determine whether the IJ even made an adverse credibility determination.  Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).  The IJ must make a "clean determination[] of credibility[,]" or we will assume that such a determination was not dispositive.  Id.  An adverse credibility finding must go to the heart of the asylum claim and cannot be based on

4

minor discrepancies, inconsistencies, or omissions. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002); see also Pop v. INS, 270 F.3d 527, 531-32 (7th Cir. 2001) (noting that the failure to list in the asylum application every incident of persecution should not result in credibility challenges).

Any alien who arrives in or is present in the United States may apply for asylum, which the Secretary of Homeland Security or the Attorney General has discretion to grant if the alien is a "refugee" as defined in 8 U.S.C. § 1101(a)(42)(A). See 8 U.S.C. § 1158(b)(1)(A), as amended by the REAL ID Act, § 101(c); Al Najjar, 257 F.3d at 1284. That statute defines a "refugee" as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant must carry the burden of proving statutory "refugee" status and thereby establishing asylum eligibility. 8 C.F.R. § 208.13(a); D-Muhumed, 388 F.3d at 818

"To establish asylum eligibility based on political opinion or any other protected ground, the alien must, with credible evidence, establish (1) past persecution on account of [his] political opinion or any other protected ground, or (2) a 'well-founded fear' that [his] political opinion or any other protected ground

5

will cause future persecution." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)). Absent corroborating evidence, the applicant's testimony, "if credible, may be sufficient to sustain the burden of proof." 8 C.F.R. § 208.13(a).

To establish eligibility for withholding of removal under the INA, the alien must show that it is more likely than not that, if he returned to his country, his life or freedom would be threatened because of one of the five covered grounds. Sepulveda, 401 F.3d at 1232. To establish eligibility for withholding of removal under CAT, the alien seeking relief must show that it is more likely than not that he will be tortured in his home country by the government or through the acquiescence of the government. Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004). Where an applicant fails to establish a claim of asylum on the merits, his other claims for withholding of removal under the INA or under CAT generally fail. Forgue, 401 F.3d at 1288 n.4.

In this case, the IJ provided specific, cogent reasons for finding Petitioner not credible, listing several facets of his story that he found incredible. In addition, the IJ's adverse credibility finding was supported by substantial evidence, for numerous omissions and inconsistencies regarding Petitioner's testimony were present in the record. These discrepancies went to the heart of Petitioner's claim that the Lavalas persecuted him based on his political opinion and tainted all of

6

Petitioner's testimony. See Gao, 299 F.3d at 272. A reasonable factfinder would not be compelled to reach a finding different from the one the IJ reached. As noted above, an adverse credibility determination alone may be sufficient to support the denial of asylum. We end this discussion by saying, once again, that substantial evidence supports the IJ's credibility finding.

Petitioner's application for withholding of removal under the INA or for relief under the CAT fail because these forms of relief require impose on the alien a burden of proof that is more stringent than the burden of proof for asylum. See Forgue, 401 F.3d at 1288 n.4. Because Petitioner failed to satisfy the burden of proof for asylum, he cannot do so for withholding of removal under the INA or relief under the CAT.

PETITION DENIED.